UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES FOR THE USE
AND BENEFIT OF HYDROGRASS
TECHNOLOGIES, INC.,

    Plaintiff,

v.                                    Case No: 2:13-cv-26-FtM-29CM

LODGE CONSTRUCTION, INC. and
THE HANOVER INSURANCE
COMPANY,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Reconsideration of the Court's September 5, 2014, Order [DN38] (Doc. #39) filed on September 18, 2014. Defendant, The Hanover Insurance Company filed a Response in Opposition (Doc. #43) on October 1, 2014.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Id. (citing Michael

Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).  Plaintiff seeks reconsideration of the Court's September 5, 2014, Order (Doc. #38) denying plaintiff's Motion for Award of Attorneys' Fees, Costs and Expenses (Doc. #26).

On or about August 7, 2013, the parties reached a settlement without Court intervention or review of the merits.  The parties agreed to a set amount of damages, and an award of reasonable attorneys' fees, costs, and expenses "in an amount to be determined by the Court."  (Doc. #39, pp. 3-4.)  The parties never sought approval or the retention of jurisdiction by the Court over an agreement.  An executed version of the Mediation Mutual Release and Settlement Agreement (Doc. #39-2, Exh. 2) is attached and provides as follows in paragraph 4:

> Lodge and Hanover agree that Hydrograss is entitled to recover from Lodge and Hanover its reasonable attorneys' fees, costs and expenses incurred by Hydrograss in the Hydrograss Litigation or otherwise arising out of Hydrograss' claim for payment under the bond issued by Hanover that was the subject of Hydrograss' claims against Hanover in the Hydrograss Litigation in an amount to be later determined by the Court in the Hydrograss Litigation in accordance with the Court's ordinary procedures and applicable law for awarding attorneys' fees.  Lodge and Hanover shall be afforded thirty (30) days from entry of the Court's order on the motion to pay any sum awarded and Hydrograss shall not seek the entry of any judgment within that time.

(Doc. #39-2, Exh. 2, ¶ 4.)  Pursuant to this agreement, plaintiff filed its motion seeking attorneys' fees, costs, and

expenses as a prevailing party under the agreement. The Court denied the motion finding that the case remained pending, and "no basis reflected in the record to award attorney fees to anyone." (Doc. #38, p. 2.)

A party is considered a "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citations omitted). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. Id. at 111. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001). "Thus, it is clear that . . . if the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a 'judicially sanctioned change in the legal relationship of the parties,' as required by Buckhannon, because

the plaintiff thereafter may return to court to have the settlement enforced." <u>Am. Disability Ass'n, Inc. v. Chmielarz</u>, 289 F.3d 1315, 1320 (11th Cir. 2002) (quoting <u>Buckhannon</u>, 532 U.S. at 605).

Absent any judicially sanctioned change in the legal relationship, the Court had no basis to award fees and costs, and therefore reconsideration is denied.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Reconsideration of the Court's September 5, 2014, Order [DN38] (Doc. #39) is **DENIED.**

2. Defendant, The Hanover Insurance Company's Unopposed Motion to File Response in Opposition to Plaintiff's Second Supplemental Affidavit of David E. Gurley and Response in Opposition (Doc. #44) is **DENIED AS MOOT.**

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of October, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record